IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY S. BURKE, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SECRETARY, PENNSYLVANIA'S | : | NO. 18-4744 |
| DEPARTMENT OF CORRECTIONS, et al., | : | |
| Respondents. | : | |

**MEMORANDUM**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE               September 10, 2019

Before the Court for Report and Recommendation is the *pro se* petition for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Gregory S. Burke, a prisoner at SCI – Mahanoy serving a life sentence following his conviction in the Philadelphia Court of Common Pleas to a charge of second-degree murder and related charges. Burke, who pled guilty, seeks habeas relief on grounds relating to the entry of a stipulation at his preliminary hearing allegedly without his consent; allegedly false testimony given by a Commonwealth witness at the preliminary hearing; the failure of counsel to develop a record prior to entry of his plea of his alleged diminished capacity and/or incompetence; counsel's failure to present certain medical evidence at his 1987 sentencing hearing; and counsel's failure to appear at a re-sentencing proceeding in 1994 following a partially-successful direct appeal. As we set out below, Burke's petition was not filed within the time period set forth by the governing statute. We are filing this Memorandum in support of our order to Petitioner to show cause why this matter should not be dismissed as untimely.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Following entry of a guilty plea,[1] Burke was convicted of second-degree murder, robbery, and possession of an instrument of crime in Case Number CP-51-CR-0325182-1986. On February 17, 1987, before imposition of sentence, he filed a petition to withdraw his plea, alleging it was involuntary because he suffered mental problems due to a head injury. The court denied the petition and proceeded to impose the agreed-upon sentence. Burke filed an appeal to the Superior Court but then withdrew it. In July of 1989, he filed a state petition for post-conviction relief, which resulted in the grant of a *nunc pro tunc* appeal to the Superior Court. The Superior Court affirmed his judgment of sentence for second-degree murder but vacated the sentence that had been imposed for robbery, as that conviction merged with the second-degree murder conviction for sentencing purposes. The Superior Court also vacated the suspended sentence that the trial court had imposed on the conspiracy conviction, as a suspended sentence was not permitted under state law in that circumstance. The Pennsylvania Supreme Court denied his petition for allowance of appeal on August 3, 1993 and on January 11, 1994 the trial court re-sentenced him to a concurrent term of five to ten years of imprisonment on the conviction of criminal conspiracy. *See Commonwealth v. Burke*, No. 500 EDA 2016, 2016 WL 7442288, *1 (Pa. Super. Ct. Dec. 27, 2016) (describing procedural history). The life sentence for second-degree murder was never disturbed.

Over the ensuing years, Petitioner filed a number of PCRA petitions, all of which were deemed untimely. The first was filed in May 1997 and dismissed in October 1997. Petitioner did not file an appeal from that dismissal. The next was filed on March 27, 2007 and dismissed

---

[1] None of the state court opinions nor dockets available to us identify the date of the conviction in this case. Petitioner makes reference to a guilty plea hearing held on April 17, 1986, while the Common Pleas docket refers to Notes of Testimony from a guilty plea hearing on November 7, 1986. *See* CCP Dkt. at 17.

on April 17, 2009. On March 10, 2010 the Superior Court affirmed the dismissal of that petition as untimely.

Petitioner filed another PCRA petition on May 10, 2010, as well as a state petition for a writ of habeas corpus on July 13, 2010, which the PCRA Court treated as part of the PCRA petition. The PCRA Court dismissed the petition on June 4, 2013. The Superior Court affirmed the dismissal and the Pennsylvania Supreme Court denied allowance of appeal on April 7, 2015.

Petitioner again filed state petitions seeking the issuance of a writ of habeas corpus, including one he filed in the Civil Division of the Court of Common Pleas on October 30, 2015, which was transferred to the criminal division and was treated with one filed on December 4, 2015 as a single PCRA petition. The PCRA Court dismissed the petition on January 14, 2016 as untimely, and the Superior Court affirmed on December 27, 2016, agreeing with the lower court that the petition was untimely and noting that the matter had been previously litigated. *Id.* at *2.

Burke filed yet another PCRA petition on March 15, 2016, which the Common Pleas Court flagged as implicating the *Miller / Montgomery* juvenile cases. (CCP Dkt. at 13-14.) The PCRA Court issued a notice of its intent to dismiss the petition as untimely, explaining that his petition did not implicate the Supreme Court's *Miller / Montgomery* decisions, as Burke was not a juvenile when he was committed the crime. Following the Court's notice to Burke of its intention, the Court dismissed his petition on August 21, 1987. He appealed the decision initially but then withdraw his appeal on March 18, 2018. (CP Dkt. at 17-18.) Burke filed yet another PCRA petition on July 10, 2019 that is still pending. (CP DKt. at 18-19.)

On or about March 19, 2018, Burke filed in this Court a motion for Rule 60(b)(6) relief, which was docketed at No. 18-mc-64. The Court dismissed the motion and the Third Circuit

3

summarily affirmed. *Burke v. Secretary Pennsylvania Dep't of Corrections*, No. 18-1964, 747 Fed. App'x 585 (Aug. 29, 2018).

Burke has now submitted a *pro se* § 2254 habeas petition. His initial petition was docketed on November 1, 2018 and contained lengthy argument and attachments. He subsequently completed the Court's standard § 2254 petition form on May 24, 2019, to which he also attached a lengthy addendum. (Doc. 7.) Where asked on the form to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d)[2] does not bar [his] petition," Burke responded:

> This petition is timely as per "AEDPA" (1)(c)
> "This constitutional right being asserted is the United States Supreme Court's unanimous decision in McQuiggin v. Perkins (2013) "A new decisional law."

(Pet. at 17.)

On September 5, 2019, the Honorable Jeffrey L. Schmehl referred this matter to me for preparation of a Report and Recommendation. We have not yet required that an answer to the petition be filed by the Philadelphia District Attorney. *See* Rule 4, Rules Governing § 2254 Habeas Petitions (contemplating initial review by the court before ordering that an answer to the petition be filed). Before filing our Report and making our Recommendation, however, we find it proper to give Petitioner an opportunity to be heard further on one of the procedural defects apparent in his present petition.

## II. DISCUSSION

Burke's petition as presently pled presents a number of impediments to the Court awarding him any relief from this state court conviction. We address one significant procedural

---

[2] That statutory provision is reprinted in full in the form petition. *See* Pet. at 18.

hurdle below in order that he might have an opportunity to come forward with any facts that might support any exception to dismissal on timeliness grounds as to any claims that may be cognizable on federal habeas review and as to which he satisfies the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring habeas applicant to have "exhausted the remedies available in the courts of the State"); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (defining exhaustion as "giv[ing] the states one full opportunity to resolve any constitutional issues by involving one complete round of the State's established appellate review process").

> A. **Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), legislation that pre-dates Petitioner's convictions, imposed a one-year period of limitations for the filing of an application for a writ of habeas corpus. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Burke seeks to apply subsection (d)(1)(C), which pertains to "the date on which the constitutional right asserted was initially recognized by the Supreme Court," and references the United States Supreme Court decision in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). *See* Pet. at 17. Subsection (d)(1)(C), however, relates to the new recognition of a constitutional *right* on which the petitioner seeks habeas relief. *McQuiggin*, a case in which the petitioner alleged ineffective assistance of counsel, did not recognize any new constitutional right. Rather, it provided for a path to possible merits review of claims that were otherwise procedurally barred due to their untimeliness. *See McQuiggin*, 133 S. Ct. at 1928 ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the statute of limitations."). The Court did not redefine any notion of the Sixth Amendment right to counsel (or any other Constitutional provision) but rather granted certiorari and heard the case "to resolve a Circuit conflict on whether AEDPA's statute of limitations can be overcome by a showing of actual innocence." *Id.* at 1930. Therefore, the Supreme Court's decision did not implicate subsection (d)(1)(C) or provide a later limitations period start date for any claims asserted in Burke's petition.

Although subsection (d)(1)(C) is the only portion of 28 U.S.C. § 2244 to which Burke refers explicitly, we have considered whether any other subsections implicate the commencement of the limitations period. Burke's papers suggest that he has argued, in state court at least, that he satisfies a standard equivalent to § 2254(d)(1)(B) in that he refers to a similar PCRA provision and refers to government interference. He describes the "interference"

6

of the government as the Commonwealth's withholding of evidence. That allegation does not satisfy the standard of § 2254(d)(1)(B) as that alleged state action did not impede his ability to file a habeas petition at the time it was due.

We have also considered whether subsection (d)(1)(D) might impact the limitations period applicable to any of his claims. We note that Burke sought an exception from the PCRA rules as to an ineffective assistance of counsel claim regarding counsel's failure to investigate and present mental health evidence relating to a possible diminished capacity defense. He suggests that the facts supporting this claim were unknown to him and could not have been discovered earlier with due diligence. (Pet. at ECF p. 19.) He fails to indicate, however, when he discovered the factual predicate of that claim.

Barring the application of subsections (d)(1)(B), (C), or (D), the commencement of the limitations period will be governed by subsection (d)(1)(A). Based upon the information provided in his petition (and as confirmed by online review of the publicly-available state court docket sheets and opinions), Burke's judgment of conviction became final thirty (30) days after his January 11, 1994 re-sentencing, or on February 10, 1994. His conviction was already final when AEDPA went into effect two years later. As a result, by operation of § 2244(d)(1)(A), the limitations period set out in § 2244(d) would begin to run with the effective date of the AEDPA legislation, that is April 24, 1996. In that all of his subsequent efforts to seek post-conviction relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, *et seq.* ("PCRA") were held to be untimely, there was no tolling pursuant to § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (finding that state petition that was not filed in accordance with state rules does not trigger § 2244(d)(2) tolling). Therefore, the limitations period that commenced on April 24, 1996 expired on April 24, 1997.

Under these circumstances, Burke's petition docketed on November 1, 2018 would be deemed untimely and subject to dismissal absent a valid claim that concerns of equity require that the limitations period be tolled. The United States Supreme Court recognizes that the AEDPA statute of limitations is subject to equitable tolling but that such tolling is appropriate only where extraordinary circumstances prevented the petitioner from filing his § 2254 petition on time and where the petitioner pursued his rights diligently. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). Alternatively, the untimeliness of a habeas petition may be excused if the petitioner has made a showing of actual innocence. As set forth by the Supreme Court in the *McQuiggin* case referenced by Burke, a showing of actual innocence can serve as a gateway to permit habeas review of otherwise procedurally-barred claims where a petitioner can persuade the federal court that, in light of new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To make this showing, a petitioner must present "(1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (quoting *Schlup*, 513 U.S. at 324, 327). The petition filed by Burke certainly makes reference to *McQuiggin*, but he does not make any assertion of his innocence of any of the crimes to which he pled guilty in 1986.

### B. Conclusion

Burke's petition does not purport to address the questions of equitable tolling and does not attempt to satisfy the miscarriage of justice standard to which he refers with his reference to *McQuiggin* as to permit federal court review of the merits of procedurally barred claims. Therefore, in order to ensure that the issues are developed and that Petitioner has an opportunity

to be heard before we prepare our Report, we will give him an opportunity to show cause why his petition should not be dismissed as time-barred.

 An appropriate order follows.